[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Statement of the Case
The defendant, Michael Hilton, has filed a Motion for the Correction of an Illegal Sentence/Disposition § 935 Formerly: Now 43-22. In his motion defendant has claimed that he was sentenced under the wrong statute, and is therefore untitled to "Sue Sponte (sic) Release from Custody".
II. Statement of the Facts
The defendant was tried and convicted of Murder, Possession of Narcotics With Intent to Sell and Possession of Narcotics. He was sentenced to a total effective sentence of sixty (60) years, forty-five (45) years for the Murder, and fifteen (15) years for the "merged" Possession of Narcotics With Intent to Sell and Possession of Narcotics convictions, to be served consecutively. On direct appeal, the Connecticut Appellate Court affirmed the judgment of the trial court.State v. Michael Hilton, 45 Conn. App. 207 (1997). Petition for Certification to the Connecticut Supreme Court was denied on September 30, 1997. The defendant in his motion has claimed that he was sentenced under C.G.S. § 53a-54b, the Capital Felony statute, that his sentence is therefore illegal, and he should be released from the Department of Correction accordingly. Nowhere in his motion has the defendant claimed that he was sentenced in an illegal manner.
III. Conclusions of Law
The defendant has moved this Court to release him from custody based on his being sentenced under the "wrong Connecticut General Statute". His authority for this is Section 43-22 of the Connecticut Practice Book. Pursuant to Connecticut Practice Book § 43-22. "The judicial authority may at any time correct an illegal sentence or other disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner". The defendant is his motion has not claimed that his sentence was imposed in an illegal manner, but that he was sentenced under C.G.S. 53a-54b, when in fact he should have been sentenced under 53a-54a. If in fact it were true that the defendant had been convicted of 53a-54b, Capital Felony, the sentence imposed on him of forty-five years would have been "illegal" i.e. not authorized by statute. C.G.S. § 53a-46a, State v. McNellis, CT Page 637515 Conn. App. 416 (1988). The only authorized sentences for a conviction of C.G.S. § 53a-54b are death by lethal injection, or life imprisonment without the possibility of release. C.G.S. § 53a-46a, C. G.S. § 54-100.
While it may be true that the Bill of Particulars and Substitute Information charging the defendant, as well as the defendant's judgment mittimus and judgment file do all cite C.G.S. § 53a-54b, the Appellate Court, upon a review of the entire trial court record, inState v. Michael Hilton, expressly found those citations to be "scrivener's errors". State v. Michael Hilton, 45 Conn. App. 207 (1997) at footnote 2. This court is bound by the Appellate Court's decision. In reference thereto, this Court will issue a corrected judgment mittimus which accurately reflects the opinion of the Appellate Court.
For the foregoing reasons, defendant's motion is DENIED.
By the Court
Clifford, J.